Opinion issued July 15, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00275-CV




ERIK OLUFSEN, NIELS OLUFSEN AND JANE OLUFSEN, Appellants

V.

JOE H. PHIPPS, Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2002-17,985




MEMORANDUM OPINION

          This is an appeal from a summary judgment in favor of appellee, Joe H. Phipps, 
and against appellants, Erik Olufsen, Niels Olufsen, and Jane Olufsen. In two issues
on appeal, appellants contend the trial court erred in giving appellee more summary
judgment relief than requested by granting summary judgment on a claim to which
appellee did not raise a ground for summary judgment.
          We affirm.
Facts and Procedural History
          On April 19, 2000, Erik Olufsen drank a number of whiskey shots at a friend’s
duplex apartment. Erik’s friend had rented the duplex from appellee. After drinking
the whiskey, Erik fell off his friend’s porch and suffered paralyzing injuries. 
          Appellants—who consist of Erik and his parents—sued appellee, University
Rentals Renters Services, Inc. (“University Rentals”), and Erik’s friend, Jeremy Parra,
asserting the following:
LIABILITY
8.The accident in question and the severe, permanent, and disabling
injuries of Erik Olufsen, as well (sic) the damages suffered by his
parents, Niels Olufsen and Jane Olufsen were proximately caused
by the negligence of the Defendants.
 
9.Defendants UNIVERSITY RENTAL RENTERS SERVICES,
INC. And JOE PHIPPS were negligent in at least the following
respects:
 
(A) Failing to prohibit and/or control the use of alcohol by
minors on the premises they owned, controlled and leased
to students of Baylor University for a profit;


 
(B)Failing to implement policies and procedures to prohibit
and/or control the use and consumption of alcohol by
minors who were students of Baylor University on
premises these Defendants owned, operated, controlled and
leased to students of Baylor University for a profit;
 
(C)Failing to enforce policies and procedures designed to
prohibit and/or control the use and consumption of
alcoholic beverages by minors who were students of
Baylor University on premises these Defendants owned,
operated, controlled and leased to students of Baylor
University for a profit;
 
(D)Ignoring the zero tolerance policies and procedures
pertaining to alcohol consumption that are applicable to
students of Baylor University on its campus when such
conduct was conducive to the profit motives of the
Defendants in the leasing of premises they owned,
controlled and/or operated to students of Baylor
University;
 
(E)Failing to enforce the written policies and procedures of
these Defendants pertaining to the use of alcohol and
intoxicating substances by minors on properties these
Defendants owned, controlled and/or operated; and
 
(F)Failing to take those actions a reasonably prudent owner
and/or operator of residential rental properties would take
under the same or similar circumstances.
 
10.In fact, the foregoing specified conduct of Defendants
UNIVERSITY RENTALS RENTERS SERVICES, INC. and JOE
PHIPPS was not only negligent but was the result of a conscious
and/or reckless disregard for the safety, welfare and health of the
Plaintiff, as well as the safety welfare and rights of other minors
who were students at Baylor University.

 
 
          After answering, appellee and University Rentals filed a joint motion for
summary judgment, raising three grounds. The first summary judgment ground
asserted the following:
There is no social host liability in Texas. Courts refuse to shift legal
responsibility from the alcohol consuming guest to the host. In the case
at hand, Plaintiffs seek to impose liability not only on the host serving
alcohol, but Plaintiffs seek to stretch their claims even further to the
premises owner, who has no relationship to this incident. Premises
owners owe no duty to individuals who consume alcohol on their
premises. Therefore, Defendants are entitled to summary judgment
because they owed Plaintiffs no duty. (internal citations omitted).

The second summary judgment ground asserted that appellants’ claims against
University Rentals failed, as a matter of law, because University Rentals did not own
an interest in the premises where Erik was injured. The final summary judgment
ground—a “no evidence” ground—asserted that no evidence existed showing that
appellee knew Erik would consume alcohol on the premises and injure himself. 
          The trial court granted appellee summary judgment as to all appellants’ claims
and severed appellee from the underlying suit, making the judgment final.
Proper Scope of Summary Judgment
          In two issues on appeal, appellants contend the trial court erred in rendering a
complete summary judgment in favor of appellee because appellee’s motion for
summary judgment did not address one of appellants’ claims (viz., negligent
undertaking). Thus, appellants contend, the trial court granted more relief than was 
 
requested in the motion. Conversely, appellee contends that appellants’ petition did
not raise a negligent undertaking claim; therefore, he was not required to raise a
ground as to negligent undertaking to be entitled to summary judgment relief as to
appellants’ entire suit.
          Because appellants’ argument on appeal is limited to the question of whether
appellee raised a ground for summary judgment as to a negligent undertaking claim,
we must first determine whether such a claim was raised in appellants’ petition.
          As a general rule, this Court does not give a confined reading to a petition and
will uphold a petition as to a cause of action that may be reasonably inferred from
what is specifically stated, even if an element of the cause of action is not specifically
alleged. Reed v. Israel Nat’l Oil Co., Ltd., 681 S.W.2d 228, 234 (Tex.
App.—Houston [1st Dist.] 1984, no writ). Furthermore, when there are no special
exceptions, a petition will be construed liberally in favor of the pleader. Roark v.
Allen, 633 S.W.2d 804, 809 (Tex. 1982). Nonetheless, a petition must give fair and
adequate notice of the claims asserted so that the opposing party has information
sufficient to enable him to prepare a defense. See id. at 810.
          To establish a negligent undertaking claim, a plaintiff must show (1) the
defendant gratuitously undertook to perform services that it knew or should have
known were necessary for the plaintiff’s protection, (2) the defendant failed to
exercise reasonable care in performing those services, and (3) the plaintiff relied upon 
 
the defendant’s performance or the defendant’s performance increased the plaintiff’s
risk of harm. Torrington Co. v. Stutzman, 46 S.W.3d 829, 838-39 (Tex. 2000). 
          Appellant’s petition failed to identify any specific endeavor in which appellee
was engaged for Erik’s protection. It follows that it also failed to allege facts
showing how appellee did not use reasonable care when performing any such
affirmative act. Moreover, nowhere in appellants’ petition do they allege that Erik
in any way relied upon appellee’s performance of an affirmative act gratuitously
performed for his benefit. 
          There was nothing contained in appellants’ petition that gave fair notice to
appellee that appellants were seeking to recover under a negligent undertaking cause
of action. Therefore, appellants’ petition did not raise a cause of action for negligent
undertaking and appellee was not required to raise a ground for summary judgment
in regard to negligent undertaking for the trial court to grant a complete summary
judgment. We hold that the trial court did not grant appellee more summary judgment
relief than requested.
          We overrule both of appellants’ issues on appeal.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.